# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON LOGISTICS, INC., | : <br> : <br> : <br> : |
| Petitioners, | : <br> : Case No. 2:24-cv-02635 |
| v. | : <br> : |
| JESSICA FLEURIMOND, | : <br> : |
| Respondent. | : |

**PETITION FOR ORDER TO COMPEL ARBITRATION**

Petitioners Amazon.com, Inc. and Amazon Logistics, Inc. (collectively, "Amazon") hereby petition the Court to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"), or alternatively under the Washington Arbitration Act, Wash. Rev. Code § 7.04A.010 *et seq.*, or the Pennsylvania Arbitration Act, 42 Pa. C. S. § 7301 *et seq.*, in accordance with the terms of the parties' arbitration agreements.

## INTRODUCTION

1.  Respondent Jessica Fleurimond is an individual who provided local delivery services to Amazon in Pennsylvania pursuant to an agreement that required all disputes to be resolved on an individual basis through binding arbitration.

2.  Respondent provided her services as an independent contractor, and she received the opportunities and benefits of such a relationship. But Respondent later joined a putative collective action and a putative class action against Amazon seeking to change her status to employee. Each putative class member asserts claims under federal law and related claims under state law.

3.  Respondent has refused to resolve this dispute by binding arbitration despite her agreement to do so.

4.  Amazon now respectfully petitions the Court for an Order, pursuant to Section 4 of the FAA, 9 U.S.C. § 4; Section 7.04A.070(1) of the Washington Arbitration Act, Wash. Rev. Code § 7.04A.070(1); and Section 7304(a) of the Pennsylvania Arbitration Act, 42 Pa. C. S. § 7304(a), to compel Respondent to arbitrate this dispute with Amazon.

## BACKGROUND

5.  Affiliates of Amazon.com, Inc. sell products through a variety of channels, including the Amazon.com website, mobile applications, and retail locations like Whole Foods Market. For those customers who chose delivery as opposed to picking up their own orders at an

Amazon Locker or otherwise, Amazon Logistics, Inc. contracts with delivery providers of various types and sizes, including carriers such as United Parcel Service, regional courier companies called "Delivery Service Providers," and individual entrepreneurs called "Delivery Partners. Delivery Partners sign up to become eligible to perform delivery blocks through a smartphone application-based program called Amazon Flex. Delivery Partners then use personal vehicles to make local deliveries of groceries, food, and other goods to customers.

6.  Respondent is an individual entrepreneur who enrolled in the Amazon Flex program to provide local delivery services. Respondent downloaded the Amazon Flex app and accepted the Independent Contractor Terms of Service (the "TOS") when enrolling in the program. The TOS included an agreement to resolve any disputes arising out of or relating to the agreement, including termination of the agreement, Respondent's participation in the program, and Respondent's performance of services, through final and binding arbitration. The TOS specified that the FAA governed the arbitration agreement and that Washington state law otherwise governed the agreement.

7.  Respondent clicked her acceptance of the TOS and the arbitration agreement. Respondent did not opt out of arbitration.

8.  Respondent subsequently participated in, and enjoyed the benefits of, the Amazon Flex program.

9.  In 2016, three plaintiffs filed a putative nationwide collective action under the federal Fair Labor Standards Act ("FLSA") and a putative state-law class action against Amazon in the U.S. District Court for the Western District of Washington. *See Rittmann et al. v. Amazon.com Inc. et al.*, No. 2:16-cv-1554 (W.D. Wash. filed Oct. 4, 2016) ("*Rittmann* Dkt."). The

plaintiffs sought to change the classification of Flex Delivery Partners to employees, among other relief.

10. In 2016 and 2019, Amazon moved to compel one of the plaintiffs in the case at the time to arbitrate his claims. In 2019, the district court in *Rittmann* declined to compel arbitration under the FAA and Washington state law, and the Ninth Circuit affirmed. *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021).

11. Following Amazon's initial motion to compel arbitration and the supplemental briefing in support of that motion, the number of plaintiffs in the case has swelled to more than 100 through successive amended complaints, consolidations, and opt-in notices. Many add-on plaintiffs, including Respondent, accepted different arbitration agreements than the agreement considered in 2019.

12. The *Rittmann* district court litigation has been stayed a total of 2,343 days (more than 6.4 years)—and therefore, despite its age, it is at an early stage of the proceedings.

13. The district court recently entered a scheduling order on May 14, 2024, allowing Amazon to renew its motion to compel arbitration at an undetermined future date. *Rittmann* Dkt., ECF no. 298. Thus, the question of whether plaintiffs in *Rittmann* must arbitrate their claims remains unresolved.

## PARTIES

14. Petitioner Amazon.com, Inc. is a Delaware corporation headquartered in Seattle, Washington.

15. Petitioner Amazon.com Logistics, Inc. is a Delaware corporation headquartered in Seattle, Washington.

16. On or about March 2, 2018, Respondent Jessica Fleurimond opted into the litigation in *Rittmann*.

17. Respondent Jessica Fleurimond last provided services under the Amazon Flex program in Philadelphia, Pennsylvania, which is in this judicial district.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this petition pursuant to 28 U.S.C. §§ 1331 and 1367. In the underlying dispute, plaintiffs filed a putative collective action against Amazon under the federal FLSA and putative class claims under related state-law theories. *See Rittmann* Dkt., ECF No. 262, ¶¶ 40–41. Respondent opted into that action using the FLSA's mechanism for a collective action, and she has thus "become [a] part[y]" in the litigation. *Genesis Healthcare Corp. v. Symczyk,* 569 U.S. 66, 75 (2013); *see also* 29 U.S.C. § 216(b) (under the FLSA, an opt-in plaintiff becomes "a party plaintiff to any such action [when] he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought"). Amazon seeks to compel arbitration of Respondent's federal claims and related state-law claims against Amazon. Thus, this Court has federal question jurisdiction and supplemental jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 62, 69 n.18 (2009).

19. The Court also has personal jurisdiction over Respondent. Respondent provided services in the State through Amazon's Flex program and consented to arbitration at or near the location at which she provided services. Thus, the dispute "arise[s] out of or relate[s] to" Respondent's "contacts with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021).

20. In addition, venue is proper pursuant to 28 U.S.C. § 1391 and 9 U.S.C. § 4. FAA permits any party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition "any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. If arbitration is ordered, "[t]he hearing and proceedings, under such agreement, shall be within

the district in which the petition for an order directing such arbitration is filed." *Id.* The arbitration provision at issue here authorizes any arbitration "at a mutually-convenient location within 45 miles from the last location in which [Respondent] provided Services." Thus, the location of the arbitration is within this Court's jurisdiction. And because Section 4 "confines the arbitration to the district in which the petition to compel is filed," *Textile Unlimited, Inc. v. A..BMH & Co.*, 240 F.3d 781, 785 (9th Cir. 2001) (emphasis omitted), an order compelling arbitration by this Court would enforce terms of the arbitration agreement.

## STATEMENT OF FACTS

21. Delivery Partners deliver orders of food and goods locally to customers. Delivery Partners must sign up to make deliveries locally using the Amazon Flex app, and then are free to deliver packages using their personal vehicles.

22. Respondent Jessica Fleurimond worked as an Amazon Flex Driver from about September 2017 to November 2017. On or about September 13, 2017, Respondent agreed to Amazon's TOS when she signed up as a delivery driver for the Philadelphia area through the Amazon Flex app. At the time, Version 10 of the TOS was currently in effect.

23. Respondent accepted the TOS twice by clicking a brightly colored "I AGREE AND ACCEPT" button. The TOS were presented on the app for review. Respondent was free to spend as much time as she wanted to review the TOS and was required to scroll to the end of the agreement on the app before accepting.

24. Amazon occasionally updates the TOS for the Amazon Flex program. For Version 10, which Respondent agreed to, the first page of the TOS state that by accepting, the Amazon Flex Driver "AGREE[S] TO RESOLVE DISPUTES BETWEEN YOU AND AMAZON ON AN INDIVIDUAL BASIS THROUGH FINAL AND BINDING ARBITRATION." The TOS caution,

5

"[i]f you do not agree with these terms, do not use the Amazon Flex app or participate in the Program or provide any Services."

25. Later in the agreement, the TOS lay out the full terms of the arbitration agreement in Section 11 and require the arbitration of all disputes arising out of the individual's relationship with Amazon. Specifically, the TOS state:

> SUBJECT TO YOUR RIGHT TO OPT OUT OF ARBITRATION, THE PARTIES WILL RESOLVE BY FINAL AND BINDING ARBITRATION, RATHER THAN IN COURT, ANY DISPUTE OR CLAIM, WHETHER BASED ON CONTRACT, COMMON LAW, OR STATUTE, ARISING OUT OF OR RELATING IN ANY WAY TO THIS AGREEMENT.

In this section, the TOS also explicitly provide that "TO THE EXTENT PERMITTED BY LAW, THE PARTIES AGREE THAT ANY DISPUTE RESOLUTION PROCEEDINGS WILL BE CONDUCTED ONLY ON AN INDIVIDUAL BASIS AND NOT ON A CLASS OR COLLECTIVE BASIS," and that "PARTIES WAIVE ANY RIGHT TO PARTICIPATE IN OR RECEIVE ANY RELIEF FROM ANY NON-INDIVIDUAL PROCEEDING." Furthermore, the TOS state that "NO ARBITRATOR . . . IS AUTHORIZED TO ARBITRATE ANY DISPUTE ON A CLASS, COLLLECTIVE [*sic*] OR REPRESENTATIVE BASIS."

26. The TOS also provide that "[t]he parties agree that the Federal Arbitration Act and applicable federal law will govern any dispute that may arise between the parties" relating to the arbitration agreement. The interpretation of the remainder of the TOS is governed by "the law of the state of Washington."

27. On or about September 13, 2017, Respondent clicked a button indicating that she agreed to the TOS as a whole and then clicked another button specifically affirming that she agreed to arbitrate.

6

28. Notwithstanding the arbitration and class waiver provisions in the TOS, in 2016, three plaintiffs filed a putative nationwide collective action under the federal FLSA and a putative state-law class action against Amazon in the U.S. District Court for the Western District of Washington. *See Rittmann* Dkt., No. 2:16-cv-1554 (W.D. Wash. filed Oct. 4, 2016). The plaintiffs sought to change the classification of Flex drivers to employees, among other relief.

29. Respondent opted into the putative class action against Amazon on or about March 2, 2018.

30. As explained above, the question of whether plaintiffs in *Rittmann* must arbitrate their claims remains unresolved.

31. Amazon is therefore filing this action, the supporting Declaration of John Rodgers with accompanying exhibits, and the supporting Memorandum of Law, to enforce the Arbitration Provision in the TOS and to prevent Respondent from taking any action contrary to the Arbitration Provision.

### CLAIMS FOR RELIEF

### COUNT I: ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT

32. Petitioners incorporate by reference ¶¶ 1 through 31, above.

33. The FAA applies to the TOS as a matter of law and as expressly provided in the TOS.

34. Amazon is a party aggrieved by Respondent's refusal to arbitrate under a written agreement for arbitration and, save for the arbitration agreement, the Court has jurisdiction under Title 28 of the U.S. Code, Section 1331.

35.     Section 4 of the FAA, 9 U.S.C. § 4, provides Petitioners a cause of action to compel Respondent to resolve the dispute with Petitioners through arbitration.  Section 4 of the FAA, 9 U.S.C. § 4, provides in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

36.     The Arbitration Agreement in the TOS constitutes a written agreement that is valid and enforceable under the FAA.  Section 2 of the FAA, 9 U.S.C. § 2, provides in relevant part:

> A . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

37.     The Arbitration Agreement is a written provision in a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising under the TOS.

38.     The TOS is not a "contract[] of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."  9 U.S.C. § 1.  In making local deliveries as part of the Amazon Flex program, Respondent did not "play a direct and 'necessary role in the free flow of goods' across borders," and she was not "actively 'engaged in transportation' of those goods across borders via the channels of foreign or interstate commerce" as defined by the FAA.  *Southwest Airlines Co. v. Saxon*, 596 U.S. 450, 458 (2022).  Therefore, Respondent is not exempt from the FAA.

39.     The Arbitration Agreement is valid, irrevocable, and enforceable.

8

40. The Arbitration Agreement applies to all claims asserted by Respondent in the operative *Rittmann* complaint (the "Complaint").

41. The Arbitration Agreement contractually requires Respondent to submit "any dispute or claim, whether based on contract, common law, or statute, arising out of or relating in any way to this agreement" to be resolved "only on an individual basis and not on a class or collective basis" by "final and binding arbitration" at "a mutually convenient location within 45 miles from the last location in which [Respondent] provided services" under American Arbitration Association rules.

42. The claims set out in the Complaint are "arising out of or relating . . . to" the TOS and therefore fall within the scope of the Arbitration Agreement in the TOS.

43. Nevertheless, Respondent has disregarded her contractual obligation to arbitrate the claims asserted in the Complaint.

44. The Court should enter an Order compelling Respondent to arbitrate all claims raised or that could be raised in the Complaint.

45. Petitioners are entitled to enforce the Arbitration Agreement under its terms, as well as under applicable law.

### COUNT II:  ARBITRATION PURSUANT TO THE WASHINGTON ARBITRATION ACT

46. Petitioners incorporate by reference ¶¶ 1 through 45, above.

47. The Washington Arbitration Act applies to the TOS as a matter of law and as provided in the TOS.

48. Amazon is a party aggrieved by Respondent's refusal to arbitrate under a written agreement for arbitration and, save for the arbitration agreement, the Court has supplemental jurisdiction under Title 28 of the U.S. Code, Section 1367.

49. The Washington Arbitration Act provides Petitioners a cause of action to compel Respondent to resolve the dispute with Petitioners through arbitration. Section 7.04A.070(1) provides in relevant part:

> On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement, the court shall order the parties to arbitrate if the refusing party does not appear or does not oppose the motion. If the refusing party opposes the motion, the court shall proceed summarily to decide the issue. Unless the court finds that there is no enforceable agreement to arbitrate, it shall order the parties to arbitrate.

50. The Arbitration Agreement in the TOS constitutes a written agreement that is valid and enforceable under the Washington Arbitration Act. Section 7.04A.060(1) provides in relevant part:

> An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of contract.

51. The Arbitration Agreement is a written provision in a contract an agreement to settle by arbitration a controversy thereafter arising under the TOS.

52. The Arbitration Agreement is valid, irrevocable, and enforceable.

53. The Arbitration Agreement applies to all claims asserted by Respondent in the Complaint.

54. The Arbitration Agreement contractually requires Respondent to submit "any dispute or claim, whether based on contract, common law, or statute, arising out of or relating in any way to this agreement" to be resolved "only on an individual basis and not on a class or collective basis" by "final and binding arbitration" at "a mutually convenient location within 45 miles from the last location in which [Respondent] provided services" under American Arbitration Association rules.

55. The claims set out in the Complaint are "arising out of or relating . . . to" the TOS and therefore fall within the scope of the Arbitration Agreement in the TOS.

56. Nevertheless, Respondent has disregarded her contractual obligation to arbitrate the claims asserted in the Complaint.

57. The Court should enter an Order compelling Respondent to arbitrate all claims raised or that could be raised in the Complaint.

58. Petitioners are entitled to enforce the Arbitration Agreement under its terms, as well as under applicable law.

## COUNT III:  ARBITRATION PURSUANT TO THE PENNSYLVANIA ARBITRATION ACT

59. Petitioners incorporate by reference ¶¶ 1 through 58, above.

60. Alternatively, the Pennsylvania Arbitration Act applies to the TOS as the law of the forum and the law of the State in which Respondent provided services.

61. Amazon is a party aggrieved by Respondent's refusal to arbitrate under a written agreement for arbitration and, save for the arbitration agreement, the Court has supplemental jurisdiction under Title 28 of the U.S. Code, Section 1367.

62. The Pennsylvania Arbitration Act provides Petitioners a cause of action to compel Respondent to resolve the dispute with Petitioners through arbitration.  Section 7304(a) provides in relevant part:

> On application to a court to compel arbitration made by a party showing an agreement described in section 7303 (relating to validity of agreement to arbitrate) and a showing that an opposing party refused to arbitrate, the court shall order the parties to proceed with arbitration.  If the opposing party denies the existence of an agreement to arbitrate, the court shall proceed summarily to determine the issue so raised and shall order the parties to proceed with arbitration if it finds for the moving party.

63. The Arbitration Agreement in the TOS constitutes a written agreement that is valid and enforceable under the Pennsylvania Arbitration Act. Section 7303(a) provides in relevant part:

> A written agreement to subject any existing controversy to arbitration or a provision in a written agreement to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity relating to the validity, enforceability or revocation of any contract.

64. The Arbitration Agreement is a written provision in a contract evidencing an agreement to settle by arbitration a controversy thereafter arising under the TOS.

65. The Arbitration Agreement is valid, irrevocable, and enforceable.

66. The Arbitration Agreement applies to all claims asserted by Respondent in the Complaint.

67. The Arbitration Agreement contractually requires Respondent to submit "any dispute or claim, whether based on contract, common law, or statute, arising out of or relating in any way to this agreement" to be resolved "only on an individual basis and not on a class or collective basis" by "final and binding arbitration" at "a mutually convenient location within 45 miles from the last location in which [Respondent] provided services" under American Arbitration Association rules.

68. The claims set out in the Complaint are "arising out of or relating . . . to" the TOS and therefore fall within the scope of the Arbitration Agreement in the TOS.

69. Nevertheless, Respondent has disregarded her contractual obligation to arbitrate the claims asserted in the Complaint.

70. The Court should enter an Order compelling Respondent to arbitrate all claims raised or that could be raised in the Complaint.

71. Petitioners are entitled to enforce the Arbitration Agreement under its terms, as well as under applicable law.

WHEREFORE, Petitioners request that the Court order the following relief:

1. An Order, pursuant to Section 4 of the FAA, 9 U.S.C. § 4, compelling Respondent to pursue in arbitration any dispute with Amazon relating to the claims in the Complaint; or, in the alternative,

2. An Order, pursuant to the Washington Arbitration Act, Wash. Rev. Code § 7.04A.070(1), compelling Respondent to pursue in arbitration any dispute with Amazon relating to the claims in the Complaint; or, in the alternative,

3. An Order, pursuant to the Pennsylvania Arbitration Act, 42 Pa. Stat. Ann. § 7304(a), compelling Respondent to pursue in arbitration any dispute with Amazon relating to the claims in the Complaint; and

4. Any further relief the Court deems necessary.

Respectfully submitted,

Date: June 14, 2024

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Thomas McCormac*
Jason Schwartz (*pro hac vice* forthcoming)
Lucas Townsend (*pro hac vice* forthcoming)
Thomas McCormac (PA Bar No. 322415)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel: (202) 955-8500
JSchwartz@gibsondunn.com
LTownsend@gibsondunn.com
TMcCormac@gibsondunn.com

Megan Cooney (*pro hac vice* forthcoming)
3161 Michelson Drive, Suite 1200
Irvine, California 92612

Tel.: (949) 451-3800
MCooney@gibsondunn.com

*Attorneys for Petitioners Amazon.com, Inc. and Amazon Logistics, Inc.*